

FILED by \_\_MM\_\_ D.C.

Jan 12, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-60005-CR-SMITH/VALLE

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

STANTON WITHERSPOON,
ALFRED SELLU,
and
RENE BERNADEL,

      Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

**Requirements to Become a Registered Nurse or Licensed Practical Nurse**

1. The purpose of a professional license was to protect the public from harm by setting minimal qualifications and competencies for safe entry-level practitioners. Nursing was regulated because it was one of the health professions that poses a risk of harm to the public if practiced by someone who was unprepared and/or incompetent. Boards of Nursing achieved this mission by establishing the standards for safe nursing care and issuing licenses to practice nursing.

2. According to the National Council of State Boards of Nursing (NCSBN), components of licensure to be a Registered Nurse (RN) or a Licensed Practical/Vocational Nurse (LPN/VN) included verification of graduation from an approved pre-licensure nursing program,

verification of successful completion of the National Council Licensure Examination (NCLEX) also known as "the board exam" or "the boards," and in some states a criminal background check.

3. The Nurse Licensure Compact increased access to care while maintaining public protection at the state level. Under the Nurse Licensure Compact, nurses can practice in other Nurse Licensure Compact states, without having to obtain additional licenses. Approximately 39 states, including Florida, have enacted Nurse Licensure Compact legislation. The Nurse Licensure Compact required that every RN or LPN/VN graduate from a board-approved RN or LPN/VN prelicensure education program. Each state's nursing board governed the approval of nursing education programs.

4. The State of Florida enacted the Nurse Practice Act to ensure that every nurse practicing in Florida meets minimum requirements for safe practice. Fla. Stat. §§ 464.001-464.027. The Florida Board of Nursing was both a regulatory board and a state government agency legally responsible for enforcing the state's Nurse Practice Act. The Florida Board of Nursing was responsible for establishing standards for safe nursing care and issuing licenses to practice nursing. To do so, it oversaw education requirements and rules for licensure in Florida. Among these requirements was that any person desiring to be licensed as an RN or LPN/VN had to complete the requirements for graduation from an approved program, or its equivalent as determined by the board, for the preparation of registered nurses or licensed practical nurses, whichever was applicable. For graduates of an approved program equivalent, an applicant seeking certification to take the licensure examination had to submit an official transcript or equivalent documentation which identified all courses completed that met graduation requirements.

5. According to Florida's Nurse Practice Act, an approved pre-licensure program's curriculum must consist of:

a. At least fifty percent clinical training for a practical nursing education program, an associate degree professional nursing program, or a professional diploma nursing education program.

b. The professional or practical nursing curriculum plan must document clinical experience and theoretical instruction in medical, surgical, obstetric, pediatric, and geriatric nursing. A professional nursing curriculum plan shall also document clinical experience and theoretical instruction in psychiatric nursing. Each curriculum plan must document clinical training experience in appropriate settings that include, but are not limited to, acute care, long-term care, and community settings.

c. The professional or practical nursing education program provides theoretical instruction and clinical application in personal, family, and community health concepts; nutrition; human growth and development throughout the life span; body structure and function; interpersonal relationship skills; mental health concepts; pharmacology and administration of medications; and legal aspects of practice. A professional nursing education program must also provide theoretical instruction and clinical application in interpersonal relationships and leadership skills; professional role and function; and health teaching and counseling skills.

**Defendants and Related Individuals and Entities**

6. Siena Education Center LLC was a Florida limited liability company, and its principal address was 7491 W Oakland Park Blvd, Suite 100, Lauderhill, Florida. Siena Education Center LLC was the registered agent and manager of Siena College of Health II LLC.

7. Siena College of Health II LLC (Siena College) was a Florida limited liability company, and its primary business address was 7491 W Oakland Park Blvd, Suite 100, Lauderhill, Florida. According to Siena College's website, it was licensed by the Florida Commission for

Independent Education and the Florida Board of Nursing, and Siena offered a Practical Nursing Program and an RN to Bachelor of Science in Nursing Program. Furthermore, Siena College's website represented that it "is dedicated to educating adult students in the discipline of nursing and promoting immediate access to employment following successful program completion," and will "provide employment placement assistance."

8. The Nursing Education Resource Center (NERC) was a Delaware limited liability company located at 102 Larch Avenue, Suite 203, Newport, Delaware.

9. Defendant **STANTON WITHERSPOON**, a resident of Burlington County, New Jersey, was the Founder/President of the NERC. Witherspoon entered into an agreement with Co-conspirator 1 in or around November 2018 to become a 50% owner of Siena Education Center LLC and Siena College (collectively Siena).

10. Defendant **ALFRED SELLU**, a resident of Burlington County, NJ, was employed by the NERC.

11. Defendant **RENE BERNADEL**, a resident of Westchester County, New York, was employed by the NERC.

12. Co-conspirator 1, a resident of Broward County, was the owner, Registered Agent, and Manager of Siena Education Center LLC and Siena College.

13. Co-conspirator 2, a resident of Providence County, Rhode Island, was employed by the NERC.

14. Co-conspirator 3 obtained a diploma and transcript issued by Siena College purporting to show that he/she attended Siena College and completed the necessary courses and/or clinicals to obtain an Associate Degree in Nursing diploma.

15. Co-conspirator 4 obtained a diploma and transcript issued by Siena College purporting to show that he/she attended Siena College and completed the necessary courses and/or clinicals to obtain an Associate Degree in Nursing diploma.

16. Co-conspirator 5 obtained a diploma and transcript issued by Siena College purporting to show that he/she attended Siena College and completed the necessary courses and/or clinicals to obtain an Associate Degree in Nursing diploma.

17. Health Care Provider-1 (HCP-1) was a hospital located in Georgia that employed licensed nurses to care for Medicare and Medicaid patients.

18. Health Care Provider-2 (HCP-2) was a Veterans Affairs (VA) Medical Center located in Maryland that employed licensed nurses to care for patients eligible for VA Health Care.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From at least as early as in or around November of 2018, and continuing through in or around October of 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**STANTON WITHERSPOON,
ALFRED SELLU,
and
RENE BERNADEL,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, co-conspirators 1-5, and others known and unknown to the Grand Jury, to commit wire fraud, that is, to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and

5

property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

3.      It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) soliciting and recruiting co-conspirators, via interstate wire communications, seeking nursing credentials to obtain employment as an RN or LPN/VN in the health care field; (b) creating and distributing, via interstate wire communications, false and fraudulent diplomas and transcripts for co-conspirators seeking RN or LPN/VN licensure and employment in the health care field; (c) using the false and fraudulent documents to obtain employment, pay, and other benefits in the health care field; (d) concealing the use of fraudulent documents used to obtain employment in the health care field; and (e) using the proceeds of the conspiracy for their personal use and benefit, the use and benefit of others, and to further the conspiracy.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      **STANTON WITHERSPOON, ALFRED SELLU, RENE BERNADEL,** co-conspirator 2, and others, via interstate wire communications, solicited and recruited co-conspirators, including co-conspirators 3-5, and others, seeking nursing credentials and employment as an RN or LPN/VN in the health care field.

5. **STANTON WITHERSPOON, ALFRED SELLU, RENE BERNADEL,** co-conspirators 1-2, and others sent and caused others to send, via interstate wire communications, information used to create false and fraudulent transcripts and diplomas from Siena College.

6. **STANTON WITHERSPOON, ALFRED SELLU, RENE BERNADEL,** co-conspirators 1-2, and others created and distributed, and caused to be created and distributed, via interstate wire communications, false and fraudulent transcripts and diplomas to co-conspirators, including co-conspirators 3-5, and others, falsely and fraudulently representing that the co-conspirators attended Siena College in Florida and completed the necessary courses and/or clinicals to obtain RN or LPN/VN diplomas, when in fact the co-conspirators had never actually completed the necessary courses and/or clinicals.

7. In furtherance of the conspiracy, co-conspirators, including co-conspirators 3-5 and others, used the false and fraudulent diplomas and transcripts and other records created and distributed, and caused to be created and distributed, by **STANTON WITHERSPOON, ALFRED SELLU, RENE BERNADEL,** co-conspirators 1-2, and others to obtain licensure as an RN or LPN/VN in various states including Maryland and Georgia.

8. Co-conspirators, including co-conspirators 3-5 and others, used the false and fraudulent diplomas, transcripts, and other documents created and distributed, and caused to be created and distributed, by **STANTON WITHERSPOON, ALFRED SELLU, RENE BERNADEL,** co-conspirators 1-2, and others, to fraudulently obtain employment and benefits as an RN or LPN/VN at various unwitting health care providers throughout the country, including HCP-1 and HCP-2. Those health care providers hired and paid salaries, wages, and other benefits to the co-conspirators based on their fraudulent credentials.

9. **STANTON WITHERSPOON, ALFRED SELLU, RENE BERNADEL,** co-conspirators 1-5 and others used the proceeds of the conspiracy for their personal use and benefit, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-9
### Wire Fraud
### (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2. From at least as early as in or around November of 2018, and continuing through in or around October of 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**STANTON WITHERSPOON,
ALFRED SELLU,
and
RENE BERNADEL,**

did knowingly and willfully and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Scheme and Artifice

3. It was a purpose of the scheme and artifice for the defendants and their accomplices, to unlawfully enrich themselves by, among other things: (a) soliciting and recruiting

accomplices, via interstate wire communications, seeking nursing credentials to obtain employment as an RN or LPN/VN in the health care field; (b) creating and distributing, via interstate wire communications, false and fraudulent diplomas and transcripts for accomplices seeking RN and LPN/VN licensure and employment in the health care field; (c) using the false and fraudulent documents to obtain employment, pay, and other benefits in the health care field; (d) concealing the use of fraudulent documents used to obtain employment in the health care field; and (e) using the proceeds of the fraud for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## The Scheme and Artifice

4. Paragraphs 4 through 9 of the Manner and Means section of Count 1 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## Use of the Wires

5. On or about the dates set forth below, in the Southern District of Florida, and elsewhere, the defendants, as specified below, for the purposes of executing the above-described scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds as described below:

| Count | Defendant(s) | Approx. Date | Description of Wire Transmission |
|---|---|---|---|
| 2 | **STANTON WITHERSPOON** and **ALFRED SELLU** | 2/6/2019 | Email via interstate wires from co-conspirator 2 to **STANTON WITHERSPOON, ALFRED SELLU,** and co-conspirator 1, in the Southern District of Florida, discussing student travel schedule for out of state students to travel to Florida for three days of clinicals |

9

| Count | Defendant(s) | Approx. Date | Description of Wire Transmission |
|---|---|---|---|
| 3 | STANTON WITHERSPOON | 10/28/2019 | Text message via interstate wires from **STANTON WITHERSPOON** to co-conspirator 1 in the Southern District of Florida containing a photograph of an Official Transcript for nursing applicant P.O. listing a date of birth, a graduation date of 05/20/2019, and course completion for years 2015-2016 |
| 4 | STANTON WITHERSPOON | 5/22/2020 | Text message via interstate wires from co-conspirator 1 in the Southern District of Florida to **STANTON WITHERSPOON** discussing termination of their business relationship |
| 5 | STANTON WITHERSPOON | 5/22/2020 | Text message via interstate wires from **STANTON WITHERSPOON** to co-conspirator 1 in the Southern District of Florida discussing issuance of transcripts and **WITHERSPOON's** ownership of Siena College |
| 6 | STANTON WITHERSPOON | 7/26/2020 | Text message via interstate wires from co-conspirator 1 in the Southern District of Florida to **STANTON WITHERSPOON** discussing **STANTON WITHERSPOON** sending information for co-conspirator 1 to process 33 nursing applicants |
| 7 | RENE BERNADEL | 8/17/2020 | Text message via interstate wires from co-conspirator 1 in the Southern District of Florida to **RENE BERNADEL** discussing following up with students after collecting their money |
| 8 | STANTON WITHERSPOON | 9/2/2020 | Text message via interstate wires from co-conspirator 1 in the Southern District of Florida to **STANTON WITHERSPOON** discussing endorsement, school transcripts, and the collection of money from nursing applicants |
| 9 | RENE BERNADEL | 5/11/2021 | Text message via interstate wires between co-conspirator 1 in the Southern District of Florida and **RENE BERNADEL** discussing a transcript for a nursing applicant |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

1. The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which any of the defendants, **STANTON WITHERSPOON, ALFRED SELLU,** and **RENE BERNADEL,** has an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(C).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.:

v.

Stanton Witherspoon, Alfred Sellu, and Rene Bernadel,
_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division** (select one)
☐ Miami    ☐ Key West    ☐ FTP
☑ FTL      ☐ WPB

New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of New Counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take 5 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☑ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
For Christopher J. Clark
Assistant United States Attorney
FLA Bar No.    588040

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:   STANTON WITHERSPOON

Case No: _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* Max. Term of Imprisonment: Twenty (20) Years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 Years
* Max. Fine: $250,000 or twice the gross or loss for the offense

Counts # 2-6, and 8:

Wire Fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: Twenty (20) Years as to each count
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 Years
* Max. Fine: $250,000 or twice the gross or loss for the offense

Count #:

_____

* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ALFRED SELLU

**Case No:** _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* Max. Term of Imprisonment: Twenty (20) Years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 Years
* Max. Fine: $250,000 or twice the gross or loss for the offense

Count #2:

Wire Fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: Twenty (20) Years as to each count
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 Years
* Max. Fine: $250,000 or twice the gross or loss for the offense

Count #:

* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>RENE BERNADEL</u>

**Case No**: _____

Count #1:

<u>Conspiracy to Commit Wire Fraud</u>

<u>Title 18, United States Code, Section 1349</u>
* Max. Term of Imprisonment: Twenty (20) Years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 Years
* Max. Fine: $250,000 or twice the gross or loss for the offense

Counts # 7 and 9:

<u>Wire Fraud</u>

<u>Title 18, United States Code, Section 1343</u>
* Max. Term of Imprisonment: Twenty (20) Years as to each count
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 Years
* Max. Fine: $250,000 or twice the gross or loss for the offense

Count #:

_____

* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.